**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 16-4612**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN LOPEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, District Judge.  (4:15-cr-00014-MSD-LRL-1)

Submitted:  April 28, 2017                     Decided:  May 16, 2017

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew Michael Sacks, SACKS & SACKS, P.C., Norfolk, Virginia, for Appellant. Dana J. Boente, United States Attorney, Eric M. Hurt, Assistant United States Attorney, Alexandria R. Kalyniuk, Third-Year Law Student, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Juan Lopez of aggravated sexual abuse, in violation of 18 U.S.C. § 2241(b)(2) (2012), and making a false statement in a matter within the jurisdiction of the executive branch of the United States Government, in violation of 18 U.S.C. § 1001(a)(2) (2012). The district court sentenced Lopez to a total of 204 months' imprisonment. On appeal, Lopez challenges the sufficiency of the evidence supporting his two convictions. We affirm.

"We review [a] challenge to the sufficiency of the evidence de novo." *United States v. Engle*, 676 F.3d 405, 419 (4th Cir. 2012). "The jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it, where substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Perry*, 757 F.3d 166, 175 (4th Cir. 2014) (emphasis and internal quotation marks omitted). In evaluating evidentiary sufficiency, we view the evidence in the light most favorable to the government, and "we defer to the jury's determinations of credibility and resolutions of conflicts in the evidence, as they are within the sole province of the jury and are not susceptible to judicial review." *United States v. Louthian*, 756 F.3d 295, 303 (4th Cir. 2014) (internal quotation marks omitted).

Beginning with Lopez's conviction for aggravated sexual abuse, a person is guilty of the offense if he, "in the . . . territorial jurisdiction of the United States . . . administers to another person . . . without the knowledge or permission of that person, a drug, intoxicant, or other similar substance and thereby—(A) substantially impairs the ability of

2

that other person to appraise or control conduct; and (B) engages in a sexual act with that other person." 18 U.S.C. § 2241(b)(2). The term "sexual act" includes "the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(C) (2012).

Viewing the evidence in the light most favorable to the Government, the victim reported to the Hampton Roads Veterans Administration Medical Center (VAMC) for severe pain and nausea. Lopez was on duty as a nurse at the VAMC when the victim arrived. Due to her pain, the victim was belligerent, loud, and impolite toward Lopez. When Lopez and the victim were alone in an examination room together, Lopez administered morphine to the victim despite the victim's repeated demands that she not be given morphine. The victim subsequently indicated to Lopez that she felt the need to urinate, and Lopez obtained a bedpan, pulled down the victim's pants and underwear, and placed the bedpan underneath her. Lopez then repeatedly placed his fingers inside of the victim's vagina and inquired whether she had urinated. After the victim urinated, Lopez removed the bedpan, obtained a cloth, and inserted the cloth into the victim's vagina, causing her great pain. Before pulling up the victim's pants and underwear, Lopez again placed his fingers inside the victim's vagina. The victim soon thereafter discovered blood in her underwear. Lopez later admitted in a sworn statement that he placed one or two fingers into the victim's vaginal canal.

Lopez first argues that there is insufficient evidence to support a finding that he administered morphine to the victim without her permission because the victim "expressly

3

and impliedly consented to appropriate medical treatment" by visiting the VAMC. However, Lopez's argument overlooks the victim's autonomy in making medical decisions. A competent patient does not surrender herself to a medical professional's whim by crossing the emergency room threshold. *See Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 278 (1990) ("[A] competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment."); *King v. Rubenstein*, 825 F.3d 206, 222 (4th Cir. 2016) (recognizing same). Indeed, the doctor who prescribed morphine for the victim testified at trial that a patient may refuse the administration of a particular drug. The victim twice unequivocally informed Lopez that she did not want the drug, yet Lopez nevertheless administered it. Therefore, we conclude that there is substantial evidence that Lopez administered morphine to the victim without her permission. *See United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997) (recognizing that uncorroborated testimony of one witness can be sufficient support conviction).

Lopez next contends that there is insufficient evidence that he engaged in a "sexual act" with the victim because his actions were intended to assist the victim and not for the purpose of sexual arousal or gratification. We first note that Lopez conceded at trial that penetrating the victim's vagina would serve no medical purpose, and thus, we find disingenuous—and incredible—Lopez's contention on appeal that he was only attempting to assist the victim. Second, Lopez fails to acknowledge that the statutory definition of "sexual act" also includes actions taken "with an intent to abuse, humiliate, harass, [or] degrade." 18 U.S.C. § 2246(2)(C). We find that a rational jury could infer that Lopez retaliated against the victim for her hostile and rude behavior by performing actions

4

intended to abuse, humiliate, harass, or degrade her. *See Engle*, 676 F.3d at 418 (recognizing that "jury may infer intent from circumstantial evidence"). Our determination is further supported by the victim's testimony that Lopez inserted a cloth into her vagina with enough force to cause her great pain and that she discovered blood in her underwear after Lopez repeatedly penetrated her vagina. Therefore, we conclude that substantial evidence supports Lopez's conviction for aggravated sexual abuse.

Turning to Lopez's conviction for providing a false statement, federal law prohibits the making of "any materially false, fictitious, or fraudulent statement or representation" in connection with any matter within the jurisdiction of the federal government. 18 U.S.C. § 1001(a)(2). "To obtain a conviction under this statute, the government must prove that: (1) the defendant made a false statement in a matter involving a governmental agency; (2) the defendant acted knowingly or willfully; and (3) the false statement was material to a matter within the jurisdiction of the agency." *United States v. Hamilton*, 699 F.3d 356, 362 (4th Cir. 2012). As to the third element, "[t]he test of materiality is whether the false statement has a natural tendency to influence agency action or is capable of influencing agency action." *United States v. Garcia-Ochoa*, 607 F.3d 371, 375 (4th Cir. 2010) (internal quotation marks omitted). Whether the false statement actually influences an agency's action is irrelevant. *Hamilton*, 699 F.3d at 362.

Evidence adduced at trial showed that Lopez was interviewed by federal agents and initially denied inserting his fingers into the victim's vagina. Lopez stated to the agents that any person who committed such an act should be criminally prosecuted. At an

5

interview with federal agents about one month later, Lopez admitted penetrating the victim's vagina with one or two of his fingers.

Lopez avers that his initial denial was immaterial because it was not capable of influencing the agents' actions and he later corrected it. We disagree. Lopez falsely told the agents that he did not penetrate the victim's vagina—a statement which, according to Lopez's later sworn statement, he knew was untrue. Lopez's initial denial was material because it was capable of influencing the agents' ongoing investigation. *See United States v. Sarihifard*, 155 F.3d 301, 307 (4th Cir. 1998). If the agents believed Lopez's initial statement, then the investigation could have ceased because the "sexual act" element of § 2241(b)(2) would not be satisfied. Even Lopez realized the materiality of his lie as he told the agents that a person who committed the acts described by the victim should be prosecuted. Furthermore, Lopez's argument ignores that "there is no safe harbor for recantation or correction of a prior false statement that violates [§] 1001." *United States v. Stewart*, 433 F.3d 273, 318 (2d Cir. 2006); *see also United States v. Beaver*, 515 F.3d 730, 742 (7th Cir. 2008). For these reasons, we conclude that substantial evidence supports Lopez's conviction for making a false statement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*